***********
Upon review of the competent evidence of record with reference to the errors assigned and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, modifies and affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as a matter of law the following which were entered into by the parties as:
 STIPULATIONS
1. The employer-employee relationship existed at the time of the April 3, 1998 incident.
2. Chatham Technologies was the duly qualified employer and Zurich American Insurance Company was responsible for workers' compensation coverage at the time of the April 3, 1998 incident.
3. The parties are subject to the North Carolina Workers' Compensation Act and the Employer employed the requisite number of employees to be bound under the provisions of the Act at the time of the injury on April 3, 1998.
4. The Employee-Plaintiff sustained an injury by accident arising out of and in the course of his employment with Employer-Defendants on April 3, 1998.
5. The parties stipulated to the following documents:
(a.) A summary of Plaintiff's Temporary Total Disability Compensation.
(b.) A Form 22 Statement of Days Worked and Earnings of Injured Employee.
(c.) Defendant-employer's ledger of Plaintiff's earnings in the fifty-two weeks prior to his injury.
(d.) Plaintiff's Earnings Statements from June 15, 1996 to July 12, 1997.
(e.) Plaintiff's Earnings Statements from March 29, 1997 to March 28, 1998.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff began working for Employer-Defendant in June 1996. During his first year of employment, Plaintiff worked a considerable amount of overtime. At some point in Plaintiff's tenure with Employer-Defendant, there was a restructuring of the business. Although Plaintiff did work some overtime during the year immediately preceding his compensable injury on April 3, 1998, the amount of that overtime was less than that which he had worked in his first year of employment with Employer-Defendant.
2. Pursuant to the Form 22 Statement of Days Worked and Earnings of Injured Employee to which the parties stipulated, the Plaintiff's gross earnings in the fifty-two weeks immediately preceding his injury were $22,942.06. Plaintiff did not lose seven or more consecutive calendar days at any time during the year prior to his injury; therefore, Plaintiff's average weekly wage should be calculated by dividing gross wages by 52 weeks. Calculating Plaintiff's average weekly wage based on his earnings in the two years prior to injury would not be fair and just to the parties.
3. Plaintiff's average weekly wage is $441.19.
4. Plaintiff's compensation rate is $294.14.
5. Defendants paid the Plaintiff temporary total disability benefits at the rate of $316.84 for 129 and five-sevenths weeks. Since the Plaintiff's correct compensation rate is $294.14, the Defendants overpaid compensation to Plaintiff. Defendant attempted to correct Plaintiff's compensation rate and began paying compensation to Plaintiff at the rate of $293.31 per week on February 9, 2002. Plaintiff's corrected compensation rate entitles him to an additional $0.83 per week. Defendants' credit should be offset by the underpayment to Plaintiff since February 9, 2002.
6. Defendants are entitled to a credit due to their overpayment of temporary total disability compensation to the Plaintiff after Plaintiff's offset for the underpayment.
 ***********
The foregoing findings of fact engender the following:
 CONCLUSIONS OF LAW
1. Plaintiff's average weekly wage shall be calculated based upon his earnings in the fifty-two weeks immediately prior to his injury. N.C. Gen. Stat. § 97-2(5). The circumstances presented by Plaintiff do not constitute sufficient basis for using an alternate method to calculate Plaintiff's average weekly wage.
2. Plaintiff's average weekly wage is $441.19, which yields a corresponding compensation rate of $294.14. N.C. Gen. Stat. §§ 97-2(5);97-29; McAninch v. Buncombe County Sch., 347 N.C. 126, 129, 489 S.E.2d 375,377 (1997).
3. Defendants are entitled to a credit due to their overpayment of temporary total disability compensation to the Plaintiff in the amount of $22.70 per week for 129.714 weeks. N.C. Gen. Stat. § 97-29. Plaintiff is entitled to a credit offset in the amount of $0.83 per week for the underpayment of compensation to Plaintiff since February 9, 2002. Since Plaintiff's compensation has been ongoing, Plaintiff's offset cannot be calculated at this time nor can the total amount of the credit due Defendants.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's compensation rate for past and future compensation shall be $294.14.
2. Defendants are entitled to a credit for the overpayment to the Plaintiff of temporary total disability compensation after the deduction for the underpayment of compensation to Plaintiff since February 9, 2002 is taken.
Each side shall bear its own costs.
This the ___ day of June 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER